# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

No. 1:24-cv-02164-DDD-SBP

GREENLATINOS,
350 COLORADO, and
SIERRA CLUB,

Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC.,

Defendant.

---

## DEFENDANT SUNCOR ENERGY (U.S.A.) INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................... ii

INTRODUCTION ................................................................................................... 1

ARGUMENT ........................................................................................................ 2

I.      PLAINTIFFS FAILED TO ESTABLISH THAT THEIR ALLEGED
        INJURIES ARE "FAIRLY TRACEABLE" TO SUNCOR. ...................................... 2

        A.      Plaintiff failed to connect their alleged injuries to any of its 28
                claims or its 9,000 alleged violations. ............................................ 2

        B.      The declarations fail to establish that Plaintiffs' members' alleged
                injuries are not the result of independent action by third parties. ............ 4

        C.      Plaintiffs' circumstantial evidence cannot overcome Suncor's
                scientific expert evidence. .......................................................... 5

II.     EPA AND COLORADO ARE DILIGENTLY PROSECUTING THE
        SAME VIOLATIONS ALLEGED IN THE AMENDED COMPLAINT. ................. 7

        A.      EPA and Colorado have "commenced and [are] diligently
                prosecuting a civil action in a court of the United States" through
                their ongoing enforcement of the Federal Court Consent Decrees. ............ 8

        B.      EPA and Colorado are actively enforcing the same standards and
                limitations as alleged in the Amended Complaint. ............................ 10

III.    THE COURT SHOULD DISMISS CLAIM TWENTY-FIVE
        PURSUANT TO RULE 12(b)(6). .................................................... 12

        A.      The emission limit alleged in Claim Twenty-Five will not apply
                to Suncor until 2026. ............................................................. 12

        B.      Claim Twenty-Five is time-barred. ............................................. 13

CONCLUSION ................................................................................................... 14

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION ..................... 16

## <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>C</u>ASES

*Berry v. Farmland Indus., Inc.*,
   114 F. Supp. 2d 1150 (D. Kan. 2000) ........................................................................ 2

*Celli v. Shoell*,
   40 F.3d 324 (10th Cir. 1994) ............................................................................... 4, 6

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983) ............................................................................................... 7

*Conservation Law Found. v. Acad. Express, LLC*,
   129 F.4th 78 (1st Cir. 2025) ................................................................................. 6

*Ctr. for Biological Diversity v. EPA*,
   937 F.3d 533 (5th Cir. 2019) ............................................................................. 4-5

*Dodge v. Mirant Mid-Atlantic, LLC*,
   732 F. Supp. 2d 578 (D. Md. 2010) ................................................................. 10, 11

*Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*,
   123 F.4th 309 (5th Cir. 2024) .......................................................................... 1, 3, 5

*Friends of Milwaukee's Rivers vs. Milwaukee Metro. Sewerage Dist.*,
   382 F.3d 743 (7th Cir. 2004) ............................................................................... 9

*Grp. Against Smog & Pollution v. Shenango*,
   810 F.3d 116 (3d Cir. 2016) ............................................................................. 9, 10

*Gwaltney of Smithfield v. Chesapeake Bay Found.*,
   484 U.S. 49 (1987) ............................................................................................... 2

*Karr v. Hefner*,
   475 F.3d 1192 (10th Cir. 2007) ..................................................................... 1, 2, 8, 10

*Kling v. Hebert*,
   60 F.4th 281 (5th Cir. 2023) ................................................................................. 6

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ............................................................................................. 4

*Maine People's All. v. Mallinckrodt, Inc.*,
   471 F.3d 277 (1st Cir. 2006) ................................................................................. 7

*Nat'l Parks & Conservation Ass'n v. TVA,*
    175 F. Supp. 2d 1071 (E.D. Tenn. 2001) ............................................................ 12-13

*Paper, Allied-Indus., Chem. & Energy Workers v. Contl. Carbon Co.,*
    428 F.3d 1285 (10th Cir. 2005) .......................................................................... 7-8

*Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty.,*
    523 F.3d 453 (4th Cir. 2008) ................................................................................ 10

*Pub. Int. Rsch. Grp. v. Magnesium Elektron, Inc.,*
    123 F.3d 111 (3d Cir. 1997) ................................................................................... 5

*S. River Watershed All., Inc. v. DeKalb Cnty.,*
    484 F. Supp. 3d 1353 (N.D. Ga. 2020) ................................................... 8-9, 10, 11

*S. River Watershed All., Inc. v. DeKalb Cnty.,*
    69 F.4th 809 (11th Cir. 2023) ................................................................................. 9

*Sierra Club v. Cedar Point Oil Co.,*
    73 F.3d 546 (5th Cir. 1996) .................................................................................... 5

*Sierra Club v. Franklin Cnty. Power of Ill.,*
    546 F.3d 918 (7th Cir. 2008) ............................................................................ 13-14

*Sierra Club v. Okla. Gas & Elec. Co.,*
    816 F.3d 666 (10th Cir. 2016) ............................................................................... 13

*Sierra Club v. Two Elk Gen. Partners,*
    646 F.3d 1258 (10th Cir. 2011) ............................................................................... 9

*Stuart v. Colo. Interstate Gas Co.,*
    271 F.3d 1221 (10th Cir. 2001) ............................................................................... 6

*Swanson Grp. Mfg. LLC v. Jewell,*
    790 F.3d 235 (D.C. Cir. 2015) ................................................................................ 4

*TransUnion LLC v. Ramirez,*
    594 U.S. 413 (2021) ...................................................................................... 2, 3-4

*Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC,*
    21 F.4th 1229 (10th Cir. 2021) ......................................................................... 2, 13

*WildEarth Guardians v. Colo. Springs Utils. Bd.,*
    No. 17-CV-00357-CMA-MLC,
    2018 WL 317469 (D. Colo. Jan. 8, 2018) ............................................................... 6

**S**TATUTES

42 U.S.C. § 7604(b)(1)(B) ...................................................................................... 10, 12

**O**THER **A**UTHORITIES

40 C.F.R. § 60.104(a).................................................................................................... 11

## <u>INTRODUCTION</u>

This Clean Air Act ("CAA") citizen suit suffers from fundamental defects that require dismissal.

*First*, Plaintiffs lack Article III standing. Plaintiffs have not shown that their vaguely claimed injuries are at all connected to the alleged emission violations that are the subject of this action. Simply put, Plaintiffs have neither specifically alleged nor provided any evidence that Suncor has harmed Plaintiffs. The declarants live miles from Suncor's Refinery—between approximately 1.5 miles and 5 miles away—and Plaintiffs have not demonstrated that emissions from Suncor's alleged permit violations (some of which are alleged to have only lasted minutes) even reached the areas where Plaintiffs live, let alone that those emissions caused the members' alleged injuries.

Plaintiffs list a variety of physical, aesthetic, and recreational injuries they claim to have suffered, and then blame Suncor without any factual basis. *See generally* ECF 30-1 to 30-7. This fails any common sense notion of standing and the rigorous requirements to satisfy Article III. *Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 123 F.4th 309, 381 (5th Cir. 2024) (en banc) (Jones, J., dissenting, leading a plurality of eight judges of the en banc panel) ("What CAA plaintiffs cannot do is aggregate disparate physical, aesthetic and recreational injuries and claim a causal connection with disparate, diffuse, often minimal violations of permit terms and conditions."), *pet. for cert. filed* (March 11, 2025).

*Second*, the diligent prosecution bar requires dismissal. The objective of that bar, the Tenth Circuit ruled, is to prevent private citizens from "intru[ding]" on EPA's and Colorado's "primary enforcement authority." *Karr v. Hefner*, 475 F.3d 1192, 1197 (10th Cir. 2007).

1

Allowing this citizen suit to continue would subject Suncor to parallel actions (this suit and the Joint 2024 Notice of Violation ("2024 Joint NOV") being enforced by EPA and Colorado) that allege violations of the *same* emission limitations, covering the *same* dates, and the *same* equipment. That result would defy the diligent prosecution provision. Citizen lawsuits under environmental statutes "have a merely 'interstitial' role; Congress did not intend for them to be even '*potentially* intrusive' on agency discretion." *Karr*, 475 F.3d at 1197 (quoting *Gwaltney of Smithfield v. Chesapeake Bay Found.*, 484 U.S. 49, 60, 61 (1987) (emphasis added). This lawsuit is a blatant intrusion on EPA's and Colorado's enforcement discretion.

Finally, Plaintiffs concede that there was no short-term permit limit applicable to Heater H-2101 before July 2024, which is fatal to Plaintiffs' Claim Twenty-Five accounting for over 75% of the alleged violation days in the Amended Complaint.

## <u>ARGUMENT</u>

## I.    PLAINTIFFS FAILED TO ESTABLISH THAT THEIR ALLEGED INJURIES ARE "FAIRLY TRACEABLE" TO SUNCOR.

### A.    Plaintiff failed to connect their alleged injuries to any of its 28 claims or its 9,000 alleged violations.

A CAA citizen suit plaintiff, like any plaintiff invoking federal court jurisdiction, must establish standing for each "claim" that it asserts. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). In the CAA citizen suit context, that principle requires a plaintiff to establish the three elements of standing—injury-in-fact, traceability, and redressability—for each claim. Some courts have required these elements for each *group of violations* alleging exceedances of a single emission limitation. *E.g.*, *Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC*, 21 F.4th 1229 (10th Cir. 2021); *Berry v. Farmland Indus., Inc.*, 114 F. Supp. 2d 1150 (D. Kan. 2000).

Other judges have determined that CAA plaintiffs must show standing for each *individual violation* alleged in the complaint. *Env't Tex.*, 123 F.4th at 324 (Jones, J., dissenting). These precedents require Plaintiffs, at a minimum, to allege *and* demonstrate on a claim-by-claim basis that their alleged injuries are caused by Suncor's alleged emission violations.

Here, Plaintiffs have not even tried to make that showing. Specifically, each of Plaintiffs' 28 separate claims relate to (i) *different* emission limits, (ii) *specific* compounds (*e.g.*, CO or $SO_2$) or opacity, and (iii) alleged violations at different time periods. Plaintiffs have not alleged and cannot demonstrate that Suncor's emissions of any specific compound, from any alleged violation of any of the different limits, resulted in any injury—let alone for each of the separate time periods when an alleged violation occurred. Instead, Plaintiffs submitted declarations that only generally assert various health, aesthetic, and recreational injuries allegedly caused by undifferentiated air pollution in the declarants' "neighborhood." *See generally* ECF 30-1 to 30-7.[1]

The crucial missing link in Plaintiffs' declarations is that none of them allege facts demonstrating any connection at all between their alleged injuries and Suncor's emissions from the alleged violations. *See, e.g.*, ECF 30-3, ¶17 (allegations of "black soot in [] eyes" without any alleged link to emissions from the Refinery 1.75 miles away). Plaintiffs attempt to establish standing "in gross," rather than show standing for each claim (as Article III requires) by showing a specific connection between their alleged injuries and each claim that Plaintiffs advance. *TransUnion*, 594 U.S. at 431. Without that essential link, Plaintiffs cannot carry their burden to show, by a preponderance of the evidence, that their injuries are "likely caused by" Suncor. *Id.*

---

[1] Suncor does not concede that Plaintiffs have established a cognizable injury-in-fact and rests on its arguments in the Motion. ECF 27, 9.

at 423; *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). Moreover, as determined by Dr. Lumpkin, "there is no likelihood of health harms from emissions from Suncor's Commerce City Refinery" including from emissions of any of the specific compounds at issue. ECF 27-1, 3-4.

Some of the declarants opine that their injuries are "caused by" Suncor exceedances, *e.g.*, ECF 30-1, ¶26 ("I believe that these symptoms are due to the excess pollution coming from Suncor."), but those conclusory statements are entirely unsupported, and must be disregarded. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 563 (1992) (Plaintiffs "ha[ve] to submit affidavits or other evidence showing, through *specific facts* . . . that one or more of [their] members would thereby be '*directly*' affected apart from their 'special interest' in the subject.") (emphasis added); *Swanson Grp. Mfg. LLC v. Jewell*, 790 F.3d 235, 242 (D.C. Cir. 2015) (declarations containing only "conclusory" allegations regarding causation "fail to establish Article III standing").

**B.    The declarations fail to establish that Plaintiffs' members' alleged injuries are not the result of independent action by third parties.**

To show traceability, "the injury has to be fairly traceable to the challenged action of the defendant, and *not the result of the independent action of some third party* not before the court." *Lujan*, 504 U.S. at 560 (emphasis added). Plaintiffs' declarations—the only proof offered in support of standing—fail to meet that standard. In fact, Plaintiffs' declarations show the opposite: Plaintiffs allege that their injuries are caused by undifferentiated third-party "air pollution" in the "neighborhood." *E.g.*, ECF 30-3, ¶14 ("Because of the air pollution in my neighborhood, I limit the time I spend outside for myself and my son."); ECF 30-6, ¶18 ("When the air quality is bad, we avoid walking and running in our neighborhood."). That is insufficient.

Nor have Plaintiffs demonstrated a temporal overlap between their claimed injuries and alleged emission exceedances at Suncor. *See Ctr. for Biological Diversity v. EPA*, 937 F.3d 533,

540 (5th Cir. 2019) (plaintiff lacked standing because "[w]ithout evidence that [the plaintiff's] trips to platforms will occur at times when discharges are visible (or otherwise noticeable), we cannot conclude [the plaintiff] will ever view such discharges."). Plaintiffs' Amended Complaint and declarations fail to demonstrate their claimed injuries are in any way related to excess emissions from the Suncor Refinery.

### C.     Plaintiffs' circumstantial evidence cannot overcome Suncor's scientific expert evidence.

In arguing that Plaintiffs' alleged injuries are "fairly traceable" to Suncor's emissions, Plaintiffs rely nearly exclusively on the factors in *Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546 (5th Cir. 1996). ECF 30, 11. According to Plaintiffs, they have standing because they satisfy the factors in *Cedar Point.*

But Plaintiffs cannot show traceability merely by satisfying the *Cedar Point* factors. Those factors "in no way replace[] the three-prong test for standing under Article III of the Constitution." *Pub. Int. Rsch. Grp. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 121 (3d Cir. 1997). Moreover, the *Cedar Point* test—a Clean Water Act-focused test—has been sharply criticized as a "constitutionally dubious framework [that has] been rigidly confined by this court," and a "poor factual fit for CAA cases," due to the difference between "the predictable currents of rivers and lakes" and "variants like daily wind direction, weather conditions, and seasonal changes [that] can affect the dispersal of airborne pollutants." *Env't Tex.*, 123 F.4th at 375, 376 (Jones, J., dissenting). *Cedar Point* predated the Supreme Court's 1990 "definitive[] articulat[ion]" of "the criteria for Article III standing" in *Lujan. Id.* at 375. That is why courts have limited *Cedar Point* to cases "involving a small body of water, close proximity, well-understood water currents, and persistent discharges." *Ctr. for Biological Diversity*, 937 F.3d at 545.

Plaintiffs assert that to satisfy traceability, they "need not prove causation with absolute scientific rigor." ECF 30, 11. However, on a motion to dismiss asserting a *factual* attack on the court's subject matter jurisdiction, Plaintiffs have the burden to demonstrate jurisdiction—including traceability and the other elements of standing—"by a preponderance of the evidence." *Celli*, 40 F.3d at 327; *Kling v. Hebert*, 60 F.4th 281, 284 (5th Cir. 2023); *see also Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).

Where a defendant proffers scientific expert evidence that Plaintiffs' alleged injuries are *not* traceable to defendant's conduct (as Suncor has done here), conclusory and unsupported allegations in a declaration that the injuries *are* caused by the defendant's conduct does not meet the preponderance threshold. *Conservation Law Found. v. Acad. Express, LLC*, 129 F.4th 78, 91 (1st Cir. 2025) ("[W]ithout expert testimony, how are we to know how far and in what concentration [air pollution] travels? And with what effects?").

Plaintiffs rely on *WildEarth Guardians v. Colorado Springs Utilities Board*, No. 17-CV-00357-CMA-MLC, 2018 WL 317469 (D. Colo. Jan. 8, 2018), but that case differs from this case in critical respects. ECF 30, 11-12. In *WildEarth*, there was no indication that defendants offered any evidence to rebut Plaintiffs' standing declarations. And the fact that plaintiffs in that case were able to connect their injuries to their "single claim for relief" does not mean that Plaintiffs in this case can carry their burden to establish standing for *each of their 28 claims* or *each of the alleged violations*. *Id.* at *2.

Here, by contrast, Suncor has offered expert scientific evidence showing that ambient air quality in the areas surrounding Suncor do not pose a risk to human health. ECF 27-1. Plaintiffs' only proof of traceability—declarations reciting the declarants' members unsupported belief that

their alleged injuries were caused by Suncor—cannot overcome Suncor's evidence. *See Maine People's All. v. Mallinckrodt, Inc*., 471 F.3d 277, 284 (1st Cir. 2006) ("[A]n individual's decision to deny herself aesthetic or recreational pleasures based on concern about pollution will constitute a cognizable injury only when the concern is premised upon a realistic threat."); *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8 (1983) ("It is the *reality* of the threat of repeated injury that is relevant to the standing inquiry, not the plaintiff's subjective apprehensions.").

Plaintiffs assert that Dr. Lumpkin's report is "immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." ECF 30, 10. But Dr. Lumpkin's report indisputably "contradicts" Plaintiffs' allegations because it shows that Plaintiffs' claimed injuries are not "fairly traceable" to Suncor. ECF 27-1, 4-6. Ambient air quality around the refinery—directly monitored through a unique and extensive network of air monitors—was below health-protective values established by EPA and state public health agencies. ECF 27-1, 5, 23-24.

## II.   EPA AND COLORADO ARE DILIGENTLY PROSECUTING THE SAME VIOLATIONS ALLEGED IN THE AMENDED COMPLAINT.

Plaintiffs do not contest that EPA and Colorado are actively prosecuting all of the *same* violations alleged in this citizen suit in a series of recent administrative actions enforcing Federal Court Consent Decrees. Plaintiffs' Response simply never addresses those enforcement actions. Instead, Plaintiffs invented certain prerequisites that they argue must be met before the EPA and Colorado's ongoing enforcement of the Federal Court Consent Decrees can bar this action. Those arguments fail because they are not based in law.[2]

---

[2] Plaintiffs ask the Court to ignore Tenth Circuit precedent ruling that a court lacks subject matter jurisdiction over a citizen suit that is barred by a diligent prosecution provision. ECF 30, 13. *Paper,*

The Tenth Circuit's decision in *Karr* discusses at length the purpose of the diligent prosecution provision. (*Karr* interpreted the Clean Water Act's diligent prosecution provision, which mirrors the CAA's provision, ECF 27, 6 n.1.) The Tenth Circuit noted:

> [The diligent prosecution provision] does not require government prosecution to be far-reaching or zealous. It requires only diligence. Nor must an agency's prosecutorial strategy coincide with that of the citizen-plaintiff. As expressed by the Sixth Circuit, second-guessing of the EPA's assessment of an appropriate remedy ... fails to respect the statute's careful distribution of enforcement authority among the federal EPA, the States and private citizens, all of which permit citizens to act where the EPA has failed to do so, not where the EPA has acted but has not acted aggressively enough in the citizens' view.

*Karr*, 475 F.3d at 1197 (cleaned up). Plaintiffs' claims duplicate EPA's and Colorado's active enforcement efforts and thus contradict the diligent prosecution policy articulated in *Karr*.

A.    **EPA and Colorado have "commenced and [are] diligently prosecuting a civil action in a court of the United States" through their ongoing enforcement of the Federal Court Consent Decrees.**

Plaintiffs accept that enforcement of the Federal Court Consent Decrees can meet the diligent prosecution bar. ECF 30, 15. But they invent three prerequisites that, according to Plaintiffs, Suncor must establish for the bar to apply: (i) the Federal Court Consent Decrees must be "recent"; (ii) ongoing enforcement must further a "comprehensive plan[] to bring sources into compliance"; and (iii) consent decrees must "involve further court actions to enforce violations." ECF 30, 15-16. These supposed criteria are not supported by the case law and do not prevent applying the bar here.

First, the case law contains no requirement that a prior consent decree must be "recent." Rather, EPA or the state only need to actively enforce the consent decrees. *S. River Watershed*

---

*Allied-Indus., Chem. & Energy Workers v. Contl. Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005). That ruling was no "drive-by jurisdictional ruling," and the Court should follow it.

*All., Inc. v. DeKalb Cnty.*, 484 F. Supp. 3d 1353, 1368 (N.D. Ga. 2020) ("EPA's and EPD's ongoing efforts to require compliance with the [2011] Consent Decree establish diligent prosecution") *aff'd*, 69 F.4th 809 (11th Cir. 2023). That is the case here. *See* ECF 27, 17-18. EPA and Colorado continue to actively enforce the Federal Court Consent Decrees in actions that directly address the same standards in the Amended Complaint. ECF 27, 4-5; ECF 27-4.

Plaintiffs rely heavily on the Seventh Circuit's decision in *Friends of Milwaukee's Rivers vs. Milwaukee Metropolitan Sewerage District,* 382 F.3d 743 (7th Cir. 2004) ("*Friends*"), for the proposition that the Federal Court Consent Decrees are too old to "trigger" the diligent prosecution bar. ECF 30, 15. But that case involved several unique circumstances not present in this case. In *Friends*, neither EPA nor the state continued to enforce a prior stipulation. *See* 382 F.3d at 750 (noting the state's "apparent lack of enforcement action"). But here, EPA and Colorado are *actively* enforcing open Federal Court Consent Decrees and their terms. ECF 27, 4-5; ECF 27-4. Ultimately, the court in *Friends* ruled that a more recent stipulation did not meet the bar because it was filed "hours" after the citizen suit and therefore not "commenced" before the citizen suit was filed—a deficiency not present here. 382 F.3d at 754-55. Other courts of appeal, including the Tenth Circuit, have disapproved of the "literal, inflexible interpretation" of diligent prosecution advanced by the Seventh Circuit in *Friends*. *See, e.g.*, *Grp. Against Smog & Pollution v. Shenango*, 810 F.3d 116, 129 (3d Cir. 2016) ("reject[ing]" *Friends*); *Sierra Club v. Two Elk Gen. Partners*, 646 F.3d 1258, 1269 (10th Cir. 2011) (comparing *Friends* with *Karr*).

Second, Plaintiffs claim that courts applying the bar in consent decree cases worried that citizen suits would "interfer[e] with *comprehensive plans* to bring sources into compliance." ECF 30, 16 (emphasis added). But the focus, as the Tenth Circuit articulated in *Karr*, is intrusion into

overlapping EPA and State enforcement proceedings. That is exactly the concern here. *Karr*, 475 F.3d at 1198. As the district court in *South River Watershed* (affirmed by the Eleventh Circuit) properly concluded, "the narrow question the Court must answer at this juncture is whether Plaintiffs' allegations, taken as true, overcome the heavy presumption of diligence afforded to the government." *S. River Watershed All.*, 484 F. Supp. 3d at 1368 (citing *Karr*); *see also Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008) (same).

Last, Plaintiffs claim that prior consent decrees meet the diligent prosecution bar only when there is a history of "further court actions" or "modifications" to a consent decree. ECF 30, 16 (citing *Dodge v. Mirant Mid-Atlantic, LLC*, 732 F. Supp. 578 (D. Md. 2010). But in *Dodge* there were no "further court actions" or modifications between the 2006 consent decree and a 2009 CAA citizen suit, and the court still held that the bar was applicable. *Id.* at 587; *see also S. River Watershed All.*, 484 F. Supp. 3d at 1371 (applying bar based on ongoing enforcement of prior 2011 consent decree); *Grp. Against Smog*, 810 F.3d at 130 (applying bar based on two different prior consent decrees entered in 2012 and 2014).

**B.    EPA and Colorado are actively enforcing the same standards and limitations as alleged in the Amended Complaint.**

EPA and Colorado are actively enforcing the same "standard[s], limitation[s] or order[s]" that Plaintiffs allege in the Amended Complaint. 42 U.S.C. § 7604(b)(1)(B). Indeed, the 2024 Joint NOV overlaps with *every claim* in the Amended Complaint. *See* ECF 27-9; ECF 27-4 (showing overlap).

Plaintiffs limit their Response solely to a comparison between EPA's complaints that resulted in the Federal Court Consent Decrees and Plaintiffs' Amended Complaint. ECF 30, 18; ECF 30-12. Plaintiffs never acknowledge or attempt to differentiate the violations alleged in the

Amended Complaint from the violations alleged in the 2024 Joint NOV filed by EPA and Colorado, or the other administrative actions requiring Suncor to pay stipulated penalties pursuant to the terms of the Federal Court Consent Decrees. ECF 27 4-5; ECF 30-12 (omitting any mention of 2024 Joint NOV or other administrative enforcement actions). This is a major concession.

Courts have emphasized that, particularly when complaints and consent decrees are filed simultaneously (like the two Federal Court Consent Decrees, *see* ECF 30-10; ECF 30-11), "there may be special relevance of the [] Consent Decree to determining the scope of the enforcement action" for application of the diligent prosecution bar. *Dodge*, 732 F. Supp. 2d at 587.

Plaintiffs are simply wrong that Suncor "cites no law regarding 'similar' standards" triggering the diligent prosecution bar. ECF 30, 17. In *Dodge*, the court determined that the diligent prosecution bar applied because "visible emissions" limitations in a consent decree were "very *similar* to the remedies Plaintiffs seek" related to "particular matter emissions." 732 F. Supp. 2d at 588 (emphasis added); *see also S. River Watershed All.*, 484 F. Supp. 3d at 1366 (the comparison "need not reveal identical claims for the action to cover the same standards and limitations.").

Plaintiffs' own Exhibits to the Amended Complaint demonstrate why the Amended Complaint, EPA's prior district court complaints and Federal Court Consent Decrees, and the 2024 Joint NOV all seek to enforce the "same" emission standards. ECF 8-2 to 8-12. As just one example, Plaintiffs' Claims 1 through 4 each assert violations of limits on $H_2S$ concentrations in fuel gas. ECF 8, ¶¶300-347; ECF 8-2. All of these "Three-Hour 162 PPMV $H_2S$ Limit" claims are based on a federal New Source Performance Standard Subpart J requirement at the refinery to control $SO_2$ emissions. *See* 40 C.F.R. § 60.104(a). EPA's complaints and the Federal Court Consent Decrees cite the same NSPS Subpart J standard. *See* ECF 30-8 ¶46; ECF 30-9 ¶56 (citing

NSPS Subpart J 40 C.F.R. § 60.104); ECF 27-5, ¶156; ECF 27-6, ¶231. And the 2024 Joint NOV includes the *exact same alleged violations* as detailed in Plaintiffs' Claims 1 thorough 4. *See* ECF 27-9, ¶358; *see also* ECF 27-4 (detailing overlap).

In the Response, Plaintiffs deny that the emissions limits in Claims 1 through 4 (and other claims) are the "same" standards enforced by EPA and Colorado. ECF 30, 1-2; ECF 30-12. Yet Plaintiffs themselves make no distinction among the standards when alleging the dates of violations of Claims 1 through 4 in Exhibit B attached to the Amended Complaint under the same header "Exceedances of Three-Hour 162 PPMV $H_2S$ Limit." ECF 8-2. By grouping alleged violation events into the same tables in Amended Complaint Exhibits, even Plaintiffs cannot dispute that claims grouped together are the "same" for diligent prosecution purposes. *See, e.g.*, ECF 8-2 (Claims 1-4); ECF 8-7 (Claims 10-15).

Because Plaintiffs' Amended Complaint duplicates ongoing and active EPA and Colorado actions enforcing Federal Court Consent Decrees, the Amended Complaint is barred. 42 U.S.C. § 7604(b)(1)(B).

### III.    THE COURT SHOULD DISMISS CLAIM TWENTY-FIVE PURSUANT TO RULE 12(b)(6).

#### A.    The emission limit alleged in Claim Twenty-Five will not apply to Suncor until 2026.

Plaintiffs concede that no version of Suncor's prior Plants 1&3 Title V permits in effect from 2004 to July 2024 included the 0.04 lb/MMBtu $NO_X$ emissions limitation on Heater 2101 that Plaintiffs alleged that Suncor violated during that time. *Compare* ECF 27, 19 n.3, *with* ECF 30, 20. This concession is fatal to Claim Twenty-Five and dismissal under Rule 12(b)(6) is appropriate based on Plaintiffs' allegations alone. *See Nat'l Parks & Conservation Ass'n v. TVA*,

175 F. Supp. 2d 1071, 1078 (E.D. Tenn. 2001) (barring "collateral attack" on facially valid permits).

Plaintiffs contend that the Court should nonetheless enforce the 0.04 lb/MMBtu short-term limit dating back to 2006 because a July 2024 technical document published in conjunction with the current Title V permit, and not referenced in the Amended Complaint, shows that "CDPHE determined" that it applies. ECF 30, 20. But the technical document that Plaintiffs cite notes that the "new" 0.04 lb/MMBtu limit will apply only "after completion of the schedule of compliance" in 2026. ECF 30-13, 160. It never asserts that the limit applied retroactively. Alternatively, Plaintiffs claim that the Court in *Utah Physicians* broadly interpreted the citizen suit provision to allow enforcement of "any 'emission standard or limitation.'" ECF 30, 20 (citing *Utah Physicians*, 21 F.4th at 1250). But *Utah Physicians* involved enforcement of a CAA and Utah regulatory requirement and is simply inapplicable. *Id.* There is no Colorado or federal statute or regulation that establishes a 0.04 lb/MMBtu limit applicable to Heater 2101. Claim Twenty-Five fails to state a claim.

### B. Claim Twenty-Five is time-barred.

Plaintiffs assert that the applicable five-year limitations period is tolled because Plaintiffs allegedly "could not have reasonably discovered the violation earlier." ECF 30, 21. But the Federal Court Consent Decrees and all of Suncor's construction and Title V permits are public and were subject to public notice during the applicable time period. "[N]othing prevented [Plaintiffs] from discovering, within five years, that it had an actionable claim as soon as [Suncor] began construction" of Heater 2101 in 2006 purportedly in contravention with the Plants 1&3 Consent Decree. *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016); *see also Sierra*

*Club v. Franklin Cnty. Power of Ill.*, 546 F.3d 918, 928 (7th Cir. 2008) ("[T]he last possible moment at which a [] preconstruction violation occurs is 'when the actual construction is commenced, and not at some later point in time.'"). Plaintiffs' Claim Twenty-Five is time-barred.

## CONCLUSION

The Court should dismiss the Amended Complaint with prejudice.

Dated: March 19, 2025

Respectfully submitted,

*s/ Hugh Q. Gottschalk*

Hugh Q. Gottschalk
Eric L. Robertson
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Phone:   303.244.1800
Fax:      303.244.1879
Email:   gottschalk@wtotrial.com
             robertson@wtotrial.com

*s/ John H. Bernetich*

Carlos R. Romo
John H. Bernetich
WILLIAMS WEESE PEPPLE & FERGUSON PC
1801 California Street, Suite 3400
Denver, Colorado 80202
Phone:   303.861.2828
Fax:      303.861.4017
Email:   cromo@williamsweese.com
             jbernetich@williamsweese.com

Attorneys for Defendant Suncor Energy
(U.S.A.) Inc.

## **CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

I certify that the foregoing pleading complies with the applicable type-volume limitations set forth in Section III(A)(1) of Judge Domenico's Practice Standards.


*s/ Hugh Q. Gottschalk*

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I certify that on March 19, 2025, I electronically filed the foregoing **DEFENDANT SUNCOR ENERGY (U.S.A.) INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Ian David Coghill**
  icoghill@earthjustice.org, eajusco@earthjustice.org, afarouche@earthjustice.org

- **Rachael Marian Jaffe**
  rjaffe@earthjustice.org

*s/ Hugh Q. Gottschalk*