**IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-02164-DDD-SBP

GREENLATINOS,
350 COLORADO, and
SIERRA CLUB,

      Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC.,

      Defendant.

---

**GREENLATINOS' REPLY IN SUPPORT OF MOTION FOR JURISDICTIONAL
DISCOVERY, IN THE ALTERNATIVE, REGARDING AIR QUALITY NEAR THE
SUNCOR REFINERY AND ITS IMPACT ON HUMAN HEALTH**

---

**TABLE OF CONTENTS**

I.   Introduction.........................................................................................................................1

II.  Argument .............................................................................................................................2

     A.  Controverted facts entitle GreenLatinos to jurisdictional discovery..................................2

     B.  GreenLatinos properly submitted its motion for jurisdictional discovery in the
         alternative................................................................................................................5

III. Conclusion ...........................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Am. Fam. Mut. Ins., Co. v. Robert Bosch, LLC*,
  No. 23-CV-00455, 2023 WL 8479021 (D. Colo. Dec. 7, 2023) ..............................7

*Bermeo v. Andis*,
  No. 3:22-CV-505, 2023 WL 1768138 (W.D.N.C. Feb. 3, 2023) ...........................7

*Budde v. Ling–Temco Vought, Inc.*,
  511 F.2d 1033 (10th Cir. 1975) .........................................................................2

*Chatham Condominium Assoc. v. Century Village, Inc.*,
  59 F.2d 1002 (5th Cir. 1979) .............................................................................5

*Friends of Tims Ford v. Tennessee Valley Auth.*,
  585 F.3d 955 (6th Cir. 2009) .............................................................................8

*GCIU-Employer Ret. Fund v. Coleridge Fine Arts*,
  700 Fed. Appx. 865 (10th Cir. 2017)..................................................................7

*Graham v. United States*,
  No. 21-CV-03053, 2022 WL 3212926 (D. Colo. Aug. 9, 2022) ...........................3

*Lynch v. Olympus Am., Inc.*,
  No. 18-CV-00512-NYW, 2018 WL 5619327 (D. Colo. Oct. 30, 2018) .................7

*MacMillan v. Rural Partners in Medicine, LLC*, No. 1:23-cv-00216, 2023 WL
  9660901 (D. Colo. Nov. 22, 2023) ...................................................................2, 4

*Nancy P. Assad Tr. v. Berry Petroleum Co.*,
  No. 13-CV-00544, 2013 WL 1151912 (D. Colo. Mar. 20, 2013) ...........................4

*Sizova v. Nat'l Inst. Of Standards & Tech.*,
  282 F.3d 1320 (10th Cir. 2002) .........................................................................2

*Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC*,
  21 F.4th 1229 (10th Cir. 2021) .........................................................................6

I.      **Introduction**

Plaintiffs GreenLatinos, 350 Colorado, and Sierra Club ("GreenLatinos") submit this
Reply brief (1) in response to Defendant Suncor Energy (U.S.A.) Inc.'s ("Suncor") Response to
Plaintiffs' Motion in the Alternative for Jurisdictional Discovery, ECF No. 38, filed on March
19, 2025 ("MJD Opp'n"), and (2) in further support of GreenLatinos' Motion for Jurisdictional
Discovery, ECF No. 31 ("MJD").

GreenLatinos' suit is a textbook Clean Air Act citizen suit. Suncor has self-reported
thousands of recurring violations of its emissions limits. Am. Compl. 5 ¶ 2. As described in their
opposition to Suncor's motion to dismiss, GreenLatinos' members live and work in the
neighborhoods near the refinery, and they suffer the effects of Suncor's violations: they breathe
excess pollution, suffer health effects associated with those pollutants, and are concerned about
the impacts that Suncor's pollution has on their health and enjoyment of the neighborhood. MTD
Opp'n, ECF No. 30, 3. EPA and CDPHE have failed to halt Suncor's violations, and at the time
GreenLatinos filed the complaint neither had filed an active enforcement case in court. *Id*. at 4-5.

Suncor does not dispute that it has violated its emission limits or that pollution travels to
surrounding neighborhoods. Instead, it has paradoxically introduced a technical expert report in
support of an implausible argument that those members could not be harmed by the pollution,
and at the same time, it seeks to shield itself from discovery that would uncover the basis for the
report and the conclusions its expert draws. As a threshold matter, this Court should summarily
deny Suncor's motion to dismiss based on the sufficiency of the allegations of the complaint
alone. But if the court concludes that Suncor has raised a material factual dispute as to standing,
the Court should grant this motion for jurisdictional discovery to avoid unfair prejudice to

GreenLatinos and its ability to defend the motion to dismiss. As described below, jurisdictional

discovery is commonly allowed in these circumstances so that plaintiffs have a fair opportunity

to oppose defendants' standing challenge.

## II.    Argument

### A.    Controverted facts entitle GreenLatinos to jurisdictional discovery.

GreenLatinos are entitled to jurisdictional discovery because (1) Suncor's factual

challenge to GreenLatinos' standing is based on controverted facts, and (2) GreenLatinos would

be prejudiced if the Court were to grant Suncor's motion to dismiss without allowing

jurisdictional discovery on those facts. "When a defendant moves to dismiss for lack of

jurisdiction, either party should be allowed discovery on the factual issues raised by that

motion." *Budde v. Ling–Temco Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975). A refusal to

grant discovery constitutes an abuse of discretion if it prejudices a litigant, *Sizova v. Nat'l Inst.

Of Standards & Tech.,* 282 F.3d 1320, 1326 (10th Cir. 2002), and discovery must be afforded

when "pertinent facts bearing on the question of jurisdiction are controverted . . . or where a

more satisfactory showing of the facts is necessary." *MacMillan v. Rural Partners in Medicine,

LLC*, No. 1:23-cv-00216, 2023 WL 9660901, *11 (D. Colo. Nov. 22, 2023) (quoting *Sizova,*

282 F.3d at 1326).

First, as explained in GreenLatinos' opening brief, Suncor's *factual* standing challenge is

based entirely on controverted facts set forth in Dr. Lumpkin's expert report. MJD, 2-5.

GreenLatinos has alleged, supported by declarations, that they have suffered, along with other

injuries, physical harm from air pollution and that their harm is consistent with the harm

expected from exposure to the pollutants illegally emitted by Suncor. MTD Opp'n, 3-5.

Meanwhile, Dr. Lumpkin concludes that GreenLatinos' members could not be injured by

Suncor's pollution because—according to *Suncor's own* ambient air monitoring data—the level

of air pollution in North Denver and Commerce City does not exceed National Ambient Air

Quality standards or other thresholds chosen by Dr. Lumpkin. Rep., ECF No. 27-1, 3-5. He

further concludes that GreenLatinos' members were not exposed to sufficient pollution from

Suncor's excess emissions to cause health impacts. *Id*. at 38-40. These conclusions raise multiple

controverted factual issues including the reliability of Suncor's monitoring data on which Dr.

Lumpkin's conclusions are based, the basis and reasonableness for the thresholds Dr. Lumpkin

chose, and whether *any* physical harm could occur at pollutant levels below the NAAQS or other

thresholds. MJD, 3-5. This is precisely the scenario where jurisdictional discovery should be

ordered to allow GreenLatinos to adequately respond to this highly-technical 137-page report in

order to resolve this material factual dispute at the pleadings stage. MTD, ECF No. 27, 6-8.

Second, GreenLatinos would be prejudiced if their case were dismissed without the

opportunity to challenge the basis for Dr. Lumpkin's conclusions and methods, and to provide

evidence in response to those conclusions. GreenLatinos' request for jurisdictional discovery is

based on "more than a hunch that it might yield jurisdictionally relevant facts." *See Graham v.*

*United States*, No. 21-CV-03053, 2022 WL 3212926, at *2 (D. Colo. Aug. 9, 2022). For

example, GreenLatinos seeks information such as data from air monitoring programs and

information on health effects of the pollutants that Suncor emits. *See* MJD, 7-10. This

information will shed light on the basis for Dr. Lumpkin's conclusion that the ambient air quality

in the area around Suncor is not polluted enough to cause negative health impacts, despite the

thousands of emission limit violations documented in the Amended Complaint. The specificity

of GreenLatinos request significantly increases the likelihood that the information obtained would be materially relevant to the standing issue.

The two cases Suncor cites, MJD Opp'n, 3-5, are easily distinguishable. Both involve challenges to personal jurisdiction over out-of-state defendants. *MacMillan*, 2023 WL 9660901, at *1; *Nancy P. Assad Tr. v. Berry Petroleum Co.*, No. 13-CV-00544, 2013 WL 1151912, at *1 (D. Colo. Mar. 20, 2013). In such cases, the potential prejudice to plaintiffs is reduced because they can simply refile in the defendants' home states. Here, GreenLatinos has no such option, making an opportunity for discovery crucial to their ability to maintain their case.

Both cases are also factually distinguishable. In *MacMillan*, the plaintiffs did not dispute the accuracy of the facts concerning the defendant's contacts with Colorado. 2023 WL 9660901, at *12. Rather, the plaintiffs' request for jurisdictional discovery was based on their hope of finding additional evidence of the defendant's connection to Colorado. The court denied the discovery request, holding that a request based on "pure speculation as to the existence of helpful facts is insufficient, as a matter of law." *Id*. (citations omitted). Suncor's reliance on *Nancy P.,* is similarly unhelpful because (1) that case involved a facial challenge to the complaint's allegations concerning personal jurisdiction, and (2) the plaintiff did not argue that she would be prejudiced by the lack of jurisdictional discovery. 2013 WL 1151912, at *3. In contrast to the inapposite scenarios presented in these two cases, the Lumpkin Report disputes the level of air pollution in surrounding neighborhoods and whether it could cause harm to GreenLatinos' members. Suncor has relied on that report to challenge the basis for GreenLatinos' standing, and in so doing, has attempted to create a factual dispute as to the harm suffered by GreenLatinos'

members. Where there are controverted "facts bearing on the question of jurisdiction" then "a more satisfactory showing of the facts is necessary." *Sizova*, 282 F.3d at 1326.

Without the opportunity to respond to Suncor's factual assertions, GreenLatinos will be unable to adequately rebut Suncor's factual challenged to GreenLatinos' standing. If this Court determines that Suncor has raised a material factual dispute, this opportunity is imperative to GreenLatinos because "a fair and conclusive resolution of [a] jurisdictional issue" requires fully developed facts. *See Chatham Condominium Assoc. v. Century Village, Inc.*, 59 F.2d 1002, 1012 (5th Cir. 1979). Therefore, the Court should grant GreenLatinos' motion for jurisdictional discovery and allow it to pursue reasonable discovery directed at the basis for the expert's report and opinion.

**B.    GreenLatinos properly submitted its motion for jurisdictional discovery in the alternative.**

GreenLatinos appropriately filed its motion in the alternative to conserve judicial resources and avoid unnecessarily bifurcating discovery. The Court does not need to reach the factual dispute because Suncor's factual challenge is legally deficient as to both injury and traceability, and therefore the Court can deny Suncor's motion to dismiss  without considering the merits of Dr. Lumpkin's conclusions.

First, GreenLatinos alleges that their members have suffered physical injuries associated with the types of pollutants that Suncor emits. MTD Opp'n, 2-3. Courts have held that that, alone, is sufficient for injury, and they have rejected Dr. Lumpkin's assertion that air pollutant levels must exceed the NAAQS or other thresholds. *Id.* at 7, 9-10. The Tenth Circuit has recognized the type of standing injury called into question by Suncor—where plaintiffs suffered "adverse health effects from elevated air pollution," including respiratory ailments like asthma

and headaches, or faced the threat or reasonable fear of injury. *Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC*, 21 F.4th 1229, 1241 (10th Cir. 2021).

Second, Courts also recognize a range of cognizable injuries adequate for standing that Dr. Lumpkin does not even address, MTD Opp'n, 6-7, including precisely the injuries GreenLatinos alleges. GreenLatinos also adequately alleged multiple other cognizable standing injuries. GreenLatinos' members alleged that they breathe polluted air from the refinery and smell refinery odors, they "enjoy their property less" because they see "flares and the hazy views," as well as smoke and pollution, they "alter their recreation" activities and spend less time outside near the refinery, and they spend money on medical issues and house upgrades, miss work to treat health ailments, and worry about their property values and needing to move. MTD Opp'n, 4.

Third, contrary to Dr. Lumpkin's assumption that GreenLatinos must link Suncor's excess emissions to the injuries suffered by their members, the Tenth Circuit has held that a "person injured by air . . . pollution has standing under the [Clean Air Act] . . . to seek a remedy from a defendant that emits the injurious pollutant in the geographic vicinity of where the person is injured." *Utah Physicians*, 21 F.4th at 1245. GreenLatinos has established traceability by alleging that Suncor emitted various harmful pollutants in excess of its emission limits near the refinery where GreenLatinos members live, work, and recreate. MTD Opp'n, 11-12.

In light of the fundamental deficiencies in Suncor's motion to dismiss, the court should simply deny it out of hand instead of taking the extra time to effectively bifurcate discovery. GreenLatinos members' have standing. GreenLatinos pled direct physical injury and reasonable fear of injury—the types of injuries that Dr. Lumpkin's report attempts to challenge—in addition

to injuries not contemplated by the Report such as breathing and smelling polluted air, seeing smoke or flaring, and economic injuries. As a result, GreenLatinos has adequately pled other cognizable standing injuries, even if Dr. Lumpkin's expert report is taken as true. Thus, the Report does not defeat GreenLatinos' standing.

Yet, *in the alternative*, if the court determines that Dr. Lumpkin's report is material to the standing analysis, then GreenLatinos require jurisdictional discovery regarding the basis for the expert report and its underlying conclusions.[1] Courts commonly allow jurisdictional discovery in this posture. *See Am. Fam. Mut. Ins., Co. v. Robert Bosch, LLC,* No. 23-CV-00455, 2023 WL 8479021, at *7 (D. Colo. Dec. 7, 2023) (granting limited discovery into personal jurisdiction because "there is a certain unfairness to a process that would allow affidavits from one side without allowing at least some corresponding adversarial opportunity to probe the underlying assertions contained in those affidavits"); *Bermeo v. Andis*, No. 3:22-CV-505, 2023 WL 1768138, at *2 (W.D.N.C. Feb. 3, 2023) (granting jurisdictional discovery where the matter was "still in the earliest stages of litigation" and "jurisdictional discovery [would] aid the Court in understanding whether it has personal jurisdiction over Defendants" and was "not a mere 'fishing expedition'"); *Lynch v. Olympus Am., Inc.*, No. 18-CV-00512-NYW, 2018 WL 5619327, at *8 (D. Colo. Oct. 30, 2018) (concluding that plaintiffs motion for jurisdictional discovery in the alternative had merit); *see also GCIU-Employer Ret. Fund v. Coleridge Fine Arts*, 700 Fed. Appx. 865, 871 (10th Cir. 2017) (holding the "district court abused its discretion

---

[1] The alternative nature of GreenLatinos' request also addresses Suncor's argument about the other bases for dismissal it raises in its motion to dismiss. MJD Opp'n, 3 (arguing jurisdictional discovery should be denied because Suncor also makes a facial standing challenge and diligent prosecution challenge). As stated in GreenLatinos' motion, jurisdictional discovery is only necessary if the court concludes that Suncor factual standing challenge raises a material issue.

by denying its motion for jurisdictional discovery" because plaintiff "demonstrated prejudice"

when it forward evidence of controverted jurisdictional facts).

Suncor unsuccessfully argues that GreenLatinos' Motion should be denied because

requesting it in the alternative is somehow an improper "second bite of the apple." *See* MJD

Opp'n, 4-5. While not entirely clear, Suncor appears to be arguing that GreenLatinos was

required to submit an expert report with its motion to dismiss opposition brief instead of

requesting jurisdictional discovery.[2] Yet, Suncor cites no caselaw requiring a plaintiff to submit

an expert report in opposition to a 12(b)(1) motion without jurisdictional discovery. This

suggestion is also absurd and impractical given the short briefing time.

Suncor relies on *Friends of Tims Ford v. Tennessee Valley Auth.*, 585 F.3d 955 (6th Cir.

2009), but it significantly mischaracterizes the case. Indeed, in that case, the district court had

already done precisely what GreenLatinos requests here—it "grant[ed] the parties an opportunity

for further discovery" on a standing challenge raised during the motion to dismiss. *Id*. at 965-66.

Only after the district court weighed the additional evidence before it did the court determine that

the plaintiffs lacked standing. *Id.* at 966. Importantly, it was plaintiffs' request provide even

more evidence if the court found the initial evidence and jurisdictional discovery insufficient that

the Sixth Circuit characterized as "a blatant second bite of the apple." *Id*. But GreenLatinos has

yet to have its *first* bite as no jurisdictional discovery has occurred.

---

[2] Suncor also wrongly asserts that GreenLatinos has "disavow[ed]" submitting any competing
evidence to respond to Dr. Lumpkin's expert report. MJD Opp'n, 3.

### III.    Conclusion

For the reasons set forth above, should the court determine that Suncor has raised a

material factual dispute as to GreenLatinos' standing, it should decline to rule on the motion to

dismiss without granting GreenLatinos' motion for jurisdictional discovery so it can probe the

basis for the expert's conclusions and report.


DATED: April 2, 2025                            Respectfully submitted,


                                                */s/ Ian Coghill* _____
                                                **Ian Coghill**
                                                **Rachael Jaffe**
                                                Earthjustice
                                                633 17th Street, Suite 1600
                                                Denver, CO 80202
                                                Telephone: (303) 996-4620
                                                Email: icoghill@earthjustice.org
                                                Email: rjaffe@earthjustice.org
                                                Attorneys for Plaintiffs GreenLatinos, 350
                                                Colorado, and Sierra Club

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

_/s/ Ian Coghill_
Ian Coghill

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of April, 2025, I served a true and complete copy of the foregoing document on all parties of record via the Court's electronic filing service:

*Attorneys for Suncor Energy (U.S.A.) Inc.*
Eric L. Robertson
Hugh Q. Gottschalk
Wheller Trigg O-Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202-5647
Robertson@wtotrial.com
gottschalk@wtotrial.com

*Attorneys for Suncor Energy (U.S.A.) Inc.*
John H. Bernetich
Carlos R. Romo
Williams Weese Pepple & Ferguson PC
1801 California St., Ste 3400
Denver, CO 80202
jbernetich@williamsweese.com
cromo@williamsweese.com

Respectfully submitted,

*/s/ Ian Coghill*
**Ian Coghill**
**Rachael Jaffe**
Earthjustice
633 17th Street, Suite 1600
Denver, CO 80202
Telephone: (303) 996-4620
Email: icoghill@earthjustice.org
Email: rjaffe@earthjustice.org
Attorneys for Plaintiffs GreenLatinos, 350 Colorado, and Sierra Club